LORENZO SANTANA, VICTORIANO NIEVES, PASCUALA MEDINA y CLEMENTE RIVERA, demandantes y apelantes, *v.* RAMÓN VÉLEZ, DIONISIO NIEVES ALICEA y GREGORIO NIEVES, demandados y apelado el primero.

Núm. 9522.—*Sometido:* Enero 15, 1948. *Resuelto:* Marzo 15, 1948.

*Benigno Dávila,* abogado de los apelantes; *Herminio A. Concepción,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

La Corte de Distrito de Bayamón, después de celebrada una vista y de haber realizado una inspección ocular, expidió una orden de *injunction* dirigida al demandado, Ramón Vélez, para que éste se abstuviese de perturbar a los demandantes en el libre uso y disfrute del camino objeto de la demanda. Dicha sentencia fué notificada al demandado Vélez, y éste, según alega, cumplió con ella. Posteriormente, y

alegando que el demandado no ha cumplido con la orden de injunction, al no retirar sus cercas y negarse a restablecer a los demandantes en el libre uso y disfrute del camino, los demandantes radicaron ante la misma corte una moción de desacato solicitando que se citara al demandado a mostrar causa o razones para no ser condenado por desacato al no cumplir con la sentencia y la orden de injunction dictada. Se citó al demandado y se celebró una vista. La corte a quo, practicada la prueba y por el resultado de la misma, declaró sin lugar la moción de desacato. De esta resolución apelaron los demandantes y señalan dos errores, los cuales discutiremos conjuntamente porque ambos van dirigidos a la apreciación que de la prueba hizo la corte inferior.

El camino en cuestión comienza en la Carretera Insular Núm. 2 y se extiende hacia el sur por la colindancia de las fincas de Ramón Vélez, el demandado, y Dionisio Nieves Alicea. Entonces dobla hacia el oeste por la colindancia de las fincas del demandado y la de Gregorio Nieves. Se alega por los apelantes que el demandado cumplió con la orden de injunction, abriendo el camino solamente en aquella parte de éste que pasa por la colindancia de las fincas de Vélez y de Nieves Alicea, pero que no cumplió con la sentencia en cuanto a aquella parte del camino que pasa por la colindancia de las fincas del demandado y la de Gregorio Nieves, puesto que en esa parte, el camino tiene solamente dos metros de ancho, y la orden lo requería a abrir el camino de tres metros de ancho.

De la transcripción de autos se desprende que la prueba practicada en la vista de la moción de desacato consistió únicamente en el testimonio de Lorenzo Santana, el demandante-apelante, el cual declaró como sigue:

"P. ¿El demandado Ramón Vélez ha quitado las cercas del camino que se ordenó quitar? ¿Las quitó?

"R. Las quitó en la parte de arriba. O sea desde la carretera hasta donde comienza la casa de él.

"P. ¿O sea hasta donde comienza la finca de Nieves?

"R. Sí, señor.

"P. ¿Usted recuerda en su declaración lo que usted dijo? ¿Quién fué el que tiró la cerca primero ahí, Gregorio Nieves o Ramón Vélez?

"R. Gregorio Nieves.

"P. ¿Cuando Gregorio Nieves tiró la verja dejó cuántos metros de camino en su terreno?

"R. Gregorio Nieves dejó tres metros o más.

"P. ¿Entonces qué pasó después que Gregorio Nieves dejó tres metros de camino de su terreno?

"R. Que el señor Ramón Vélez no tenía las verjas puestas.

"P. ¿Entonces echó su verja Ramón Vélez?

"R. Sí, señor, después; y entonces cerró o dejó un espacio de dos metros.

"P. ¿Cuál de los dos cogió terreno del camino, Gregorio Nieves o Ramón Vélez?

"R. Ramón Vélez.

"P. ¿De ahí Ramón Vélez no ha movido su verja?

"R. No.''

La corte a quo ordenó al demandado a restablecer a los demandantes en el libre uso y disfrute del camino en una anchura de tres metros, en toda su extensión. La declaración del demandante, arriba transcrita, demostró que el demandado no cumplió a cabalidad con dicha orden puesto que abrió el camino como había sido requerido, solamente en una parte, o sea, en la colindancia entre su finca y la de Nieves Alicea, pero ha dejado el camino estrecho a lo largo de la colindancia sur de su finca. Siendo esto así, es evidente que no se ha cumplido con la orden de injunction. No hubo prueba alguna que justificara la conclusión a que llegó la corte a quo. La prueba aportada demostró, sin haberse aducido evidencia en contrario, que el demandado no obedeció el mandato de la corte inferior en su sentencia. Bajo estas circunstancias, *procede revocar la resolución recurrida y devolver el caso a la corte inferior para que proceda de conformidad con esta opinión.*